# Commonwealth *v.* Harlos, Appellant.

*Criminal law—Assault and battery—Charge of court—Erroneous charge—Extraneous matter—Accessory after the fact—Acts June 3, 1893, P. L. 286, and March 31, 1860, P. L. 440.*

1. An accessory after the fact is guilty of a substantive offense for which, in felonies, a specific punishment is provided under the Act of June 3, 1893, P. L. 286, amending section 45 of the Act of March 31, 1860, P. L. 440.

2. If the offense is only a misdemeanor such as an assault and battery, one who receives, relieves, comforts and assists the principal offender, without more, is not guilty of an indictable offense.

3. On the trial of an indictment for assault and battery, where the prosecutor testifies that defendant assaulted him, and defendant denies this, and asserts that he was not at the place at the time, and this is corroborated by other witnesses, and there is no other evidence, it is reversible error for the trial judge to charge the jury that if defendant abetted the one who committed the assault or aided him to escape, or prevented the apprehension of the felon, the jury might find defendant guilty as charged in the indictment.

Argued April 9, 1928.    Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 166, Jan. T., 1928, by defendant, from judgment of Superior Court, Oct. T., 1927, No. 263, affirming judgment of Q. S. Blair Co., March T., 1927, No. 50, on verdict of guilty of assault and battery, in case of Commonwealth v. W. P. Harlos.    Reversed.

Appeal from Superior Court.

The opinion of the Supreme Court states the facts.

Judgment of quarter sessions affirmed by Superior Court.    Defendant appealed.

*Error assigned* was judgment, quoting record.

*O. K. Eaton,* for appellant, cited: Com. v. Gray, 265 Pa. 537; Com. v. Wooley, 259 Pa. 249; Com. v. Ross, 266 Pa. 580; Com. v. Norris, 87 Pa. Superior Ct. 66.

*Richard H. Gilbert,* District Attorney, with him *Frank G. Fisher,* Assistant District Attorney, for appellee, cited: Com. v. Russogulo, 263 Pa. 93; Com. v. Prescott, 284 Pa. 255; Kaufman v. R. R. Co., 210 Pa. 440; Roberts v. Traction Co., 270 Pa. 19; Com. v. Scott, 38 Pa. Superior Ct. 303; Com. v. Dorst, 285 Pa. 232; Com. v. Pava, 268 Pa. 520, 525.

OPINION BY MR. JUSTICE SCHAFFER, May 7, 1928:

Defendant was tried and convicted on an indictment containing three counts, charging assault and battery, aggravated assault and battery and felonious assault upon Thomas Dailey. The court subsequently set aside the conviction on the third count and sentenced the defendant on the first and second. The Superior Court affirmed.

Appealing to us, defendant complains of this action and of that part of the charge of the court in which the jury was instructed, "If, however, from all the evidence you are satisfied beyond a reasonable doubt that Dr. Harlos was present at the time and place of the assault upon Dailey and that he either committed the assault directly or participated in it, induced it, incited, was present encouraging it, aided and abetted the one who committed it or after the offense was committed that he rendered assistance to the felon, aided him to escape, or concealed by misrepresentation to the authorities the knowledge of the crime and the criminal, thus preventing the apprehension of the felon, then he would be guilty of the offenses averred in the indictment; that is, the first, second and third counts, assault and battery, aggravated assault and battery and felonious assault and battery." In disposing of this alleged error, the Superior Court said, "If this instruction were to be wrested from its context, and it had been the only instruction given to the jury upon that branch of the case we would be compelled to hold it erroneous. The part of the instruction that, if the jury were satisfied the defendant 'after the offense was committed, rendered assistance to the felon, aided him to escape, or concealed by misrepresentation to the authorities the knowledge of the crime and the criminal, thus preventing the apprehension of the felon, then he would be guilty of the offenses averred in the indictment,' standing alone, would lead the jury to believe that, although the defendant had nothing to do with the perpetration of the

offense, yet if, after the offense was committed he
merely aided the principal offender to escape, it would
be their duty to convict the defendant of the offenses
charged in the indictment. If the defendant had done
the things recited in this particular part of the in-
struction he could only, at most, be held to be an
accessory after the fact and he would not be guilty of
the offenses charged in the indictment. An accessory
after the fact, in Pennsylvania, is guilty of a substantive
offense for which, in felonies, a specific punishment is
provided: Act of June 3, 1893, P. L. 286, amending sec-
tion 45 of the Act of March 31, 1860, P. L. 440. If the
offense is only a misdemeanor, such as assault and bat-
tery, one who receives, relieves, comforts or assists the
principal offender without more, is not guilty of an in-
dictable offense."

The opinion of the Superior Court then goes on to
say that the instruction complained of is not all of the
charge on the subject, that in the sentence immediately
following the court said, "It is not contended by the
Commonwealth that any of these defendants, save W.
P. Harlos, actually committed the assault upon Dailey.
But the contention of the Commonwealth is that [other
defendants named] were present aiding and abetting
Harlos, inciting the commission of the crime, encour-
aging the commission of the crime, and if you find from
all of the evidence, beyond a reasonable doubt......
that any one of these defendants was present aiding and
abetting, and encouraging the offender, then you would
be warranted in rendering a verdict of guilty as to such
one upon any one of the first, second or third counts of
the indictment." The opinion points out that this state-
ment is clearly established by the evidence, which con-
tained nothing which even remotely indicated that any
person other than the appellant had directly partici-
pated in the assault, and sums up the matter by stating
that the entire charge clearly indicated that in order to
convict Harlos the jury must be satisfied beyond a rea-

sonable doubt that he struck the blow which rendered the prosecutor unconscious. It was determined that the excerpt from the charge complained of must be taken in connection with the context and as so taken it did not involve reversible error.

In its opinion on the motion for a new trial, the trial court says it has scrutinized the testimony with great care and has been unable to find a suggestion proceeding from any witness that those charged as accomplices participated in the actual commission of the crime; that the record is barren of anything suggestive of encouragement, coöperation, or assistance; that the testimony of Dailey negatives any such inference; his version of the occurrence being that he was called to the room in which the assault occurred by one of the other occupants, for the purpose of removing Harlos, who, without any suggestion or direction from any of the others present, committed the assault.

Our reading of the entire record shows, if Dailey is to be believed, that the assault was committed by Harlos. Dailey says positively that it was. No other act of violence was testified to by him or any other witness. The picture of the crime as given by Dailey was that as he stood in the hotel room to which he had been summoned (he was the night clerk of the hotel) Harlos committed the assault upon him by striking him on the head with a blackjack, rendering him unconscious. The others in the room denied that Harlos was there. His defense was an alibi. In its main feature the case is very simple, an allegation by the one assaulted that the appellant struck him, the latter's denial that he did, coupled with the statement, corroborated by others, that he was not there. This being so, the trial judge in instructing them as he did placed before the jury other issues which were not in the case. All that he said about the appellant inducing, inciting, encouraging, aiding and abetting some one else to commit the assault, was beside the mark. No evidence in the case warranted such instructions.

The suggestions from the bench that—"after the offense was committed" the defendant could be found to have "rendered assistance to the felon" (the court subsequently reached the conclusion that no felony was committed) and "aided him to escape," to which no witness had even remotely testified (indeed such an idea was out of line with the case as shown, that the defendant had committed the crime) or "concealed by misrepresentation to the authorities the knowledge of the crime and the criminal" (of which there was no proof), "thus preventing the apprehension of the felon," and because of these suggested acts appellant "would be guilty of the offenses averred in the indictment" when the offenses so averred, of which there was proof,—were but assault and battery and aggravated assault and battery, with which the acts suggested had nothing to do so far as fixing defendant with guilt is concerned, were entirely unwarranted.   Manifestly to our minds these statements by the trial judge must have greatly harmed appellant; particularly is this so when account is taken of the fact that the morning after the crime he went to the hotel where it was committed and acted in a rather injudicious way.   The jury could infer that they might convict him of the offenses laid in the indictment, even though he had not struck the blow, because he had done unbecoming things after the actual crime was committed and because on the whole his conduct thereafter did not meet the trial judge's or their approval.   The subsequent instructions which the Superior Court concluded eradicated the error did not have that result in our opinion and still left defendant's cause prejudiced in the jurors' minds.

The first assignment of error is sustained and a new trial is ordered.